IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| KEVIN J. SCHANDEL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:14-cv-00042 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER FOR SOCIAL | ) | By: Hon. Jackson L. Kiser |
| SECURITY ADMINISTRATION, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, and affirm the final decision of the Commissioner. The R&R was filed on February 9, 2015, and Plaintiff Kevin J. Schandel ("Plaintiff") filed objections on February 26. The Commissioner responded [ECF No. 25], and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will sustain Plaintiff's objections, deny the Commissioner's Motion for Summary Judgment, grant Plaintiff's Motion for Summary Judgment, and remand this case to the Commissioner for further consideration.

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On April 25, 2011, Plaintiff filed an application for a period of disability insurance benefits pursuant to Title II of the Social Security Act ("the Act"). See 42 U.S.C. §§ 401–33. (R. 211–21.) In his application, Plaintiff alleged that he had been disabled since May 24, 2004, due to a combination of a herniated disc and degenerative disc disease in his lumbar and thoracic

spine, bipolar disorder, and depression.[1]  (See, e.g., R. 68, 227.)  The Commissioner denied Plaintiff's claims initially on September 15, 2011, and again upon reconsideration on December 13, 2011.  (See R. 68–92.)

On April 23, 2013, Plaintiff appeared with his attorney before Administrative Law Judge Marc Mates ("the ALJ").  (R. 42–67.)  Both Plaintiff and a vocational expert, Mr. Ganough, testified.  (Id.)  In a written decision dated May 31, 2013, the ALJ determined that Plaintiff was not disabled within the meaning of the Act.  (See generally R. 31–32.)  He found that Plaintiff suffered from "degenerative disc disease, mood disorder, and history of substance abuse," all of which qualified as serious impairments.  (R. 19 (citing 20 C.F.R. § 404.1520(c)).)  ALJ Mates found that Plaintiff did not have an impairment or combination or impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. 20 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).)

After consideration of the entire Record, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with some limitations.  (R. 21.)  Specifically, the ALJ determined that Plaintiff "was able to lift 20 pounds occasionally and 10 pounds frequently, stand/walk six hours, and sit six hours during an eight-hour workday."  (Id.)  He also concluded that Plaintiff "could not climb ladders/ropes/scaffolds or crawl, but he could perform other postural activities, to include balancing and stooping, occasionally.  He needed, however, to avoid concentrated exposure to vibration and hazards."  (Id.).  Although the ALJ determined that Plaintiff is able to interact with managers and co-workers as necessary for task completion, he also determined that "social interaction demands should generally have been minimal, with no more than occasional public contact . . . ."  (Id.)  The ALJ determined that Plaintiff was not capable of performing past

---

[1] At his hearing, Plaintiff amended his alleged disability onset date to February 5, 2005.  (R. 45.)

relevant work, but would be able to perform jobs that exist in significant numbers in the national economy, such as garment sorter, price marker, and hand packer. (R. 30–32 (citing 20 C.F.R. §§ 404.1569, 404.1569(a)).) Accordingly, he concluded that Plaintiff was not disabled within the meaning of the Act. (R. 32.) The Appeals Council denied Plaintiff's request for review, and the decision of the ALJ became the final decision of the Commissioner on July 25, 2014. (R. 1–3.)

On September 6, 2014, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 3].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. Plaintiff and the Commissioner filed cross-motions for summary judgment. (Pl.'s Mot. Summ. J., May 5, 2015 [ECF No. 17]; Def.'s Mot. Summ. J., June 24, 2015 [ECF No. 20].) On January 28, 2016, Judge Hoppe filed his Report and Recommendation ("R&R"), recommending that I affirm the final decision of the Commissioner. (R&R, Jan. 28, 2016 [ECF No. 23].) On February 11, 2016, Plaintiff filed objections to the R&R. (Pl.'s Obj., Feb. 11, 2016 [ECF No. 24] [hereinafter "Pl.'s Obj."].) The Commissioner responded on February 25 (Resp. to Pl.'s Obj., Feb. 25, 2016 [ECF No. 25]), and the matter is now ripe for review.

## II.  STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In

other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. DISCUSSION

At the outset, I find it important to note that Plaintiff's objections will not be considered in their totality. According to his filings with this court, Plaintiff requested that, "[a]s part of its *de novo* review, [Plaintiff] asks that the Court consider each of the arguments presented [in its Motion for Summary Judgment] which offer greater detail than this Objection, which addresses only some of the specific content of the [R&R] to which he takes exception." (Pl.'s Obj. pg. 1.)

Mere repetition of those arguments rejected by the Magistrate Judge is generally not sufficient to state an objection under Federal Rule of Civil Procedure 72; the same is certainly true of mere *reference* to arguments rejected by the Magistrate Judge. As has been previously stated:

> The issues that Plaintiff raises in her general objection have already been addressed by [the] Magistrate Judge . . . when they were before him in Plaintiff's summary judgment brief. Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."

Veney v. Astrue, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008) (quoting Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)). Because Plaintiff specifically objected to only two parts of the R&R, only those objections will be considered. Fortunately for Plaintiff, however, I believe at least one of those objections to be meritorious.

I believe that the Commissioner's discussion and decisions regarding Plaintiff's credibility warrants remand. I concur with Magistrate Judge Hoppe that the Commissioner's use of "boiler-plate" language is legally flawed. See Mascio v. Colvin, 780 F.3d 632, 639 (4th Cir. 2015) (quoting Bjornson v. Astrue, 671 F.3d 640, 645 (7th Cir. 2012)). I must disagree, however, with his finding that the Record—as presented by the Commissioner—supports the Commissioner's decision.

The primary flaw is the ALJ's almost-exclusive reliance on facts not found in the Record. In rejecting Plaintiff's subjective statements regarding "the intensity, persistence, and limiting effects of [his] symptoms" (R. 28), the ALJ stated,

> The claimant has also engaged in activities since his alleged onset date, which appear at odds with a contention of total debility. In January 2010, the claimant indicated that he volunteered at a food bank two to three days a week. He also testified at the hearing that he was incarcerated since January 2012 for a charge of grand larceny, with an anticipated release date in May 2013. He was supposed to be released earlier, but he testified that his time was extended, because of fighting and an altercation with officers. Earlier, in September 2011, the claimant reported that he had also been charged with assault by his girlfriend in September 2011. The fact that the claimant has engaged in more demanding activities tends to temper an allegation of debilitating pain continuously since his alleged onset date.

(R. 29.) To put it bluntly, the Record is simply devoid of facts that could enhance these instances so as to permit the Commissioner to draw the conclusions he did.

Regarding Plaintiff's volunteer work (see R. 977), there is no evidence whatsoever regarding what activities Plaintiff undertakes while volunteering. Clearly the ALJ *assumed* that Plaintiff was lifting boxes or engaging in some physical labor, but the Record is wholly devoid of any facts to support this conclusion. The only reference cited by the ALJ is the statement that "the claimant volunteers at a local food bank two to three times a week and he also spends time reading the Bible." (R. 977.) Obviously, it is possible that Plaintiff's activities at the food bank could undermine his claims regarding his pain; it is equally plausible that his activities at the food bank include entirely sedentary activities, such as answering the phone or arranging donation pick-ups. Without more, the ALJ lacked a factual basis to conclude as he did.

The ALJ also rejected Plaintiff's subjective complaints because of his altercations while incarcerated. Again, the Record lacks evidence on which the ALJ could conclude what activities—if any—Plaintiff undertook. In his testimony, Plaintiff stated that he got "into an argument and altercation with the officers you know, yelling at them." (R. 62.) A verbal

- 6 -

Case 4:14-cv-00042-JLK-JCH   Document 26   Filed 06/07/16   Page 6 of 9   Pageid#: 1259

altercation in no way establishes that Plaintiff is capable of greater physical exertion than he claims or that his subjective complaints of pain are unfounded. The two are simply unrelated.

Plaintiff also testified that he "got into [a] fight with [a] kid" while incarcerated. (Id.) Plaintiff only recounts that the kid "attacked [him] while [he] was lying down." (Id.) The Record is devoid of facts relaying activities undertaken by Plaintiff, and I fail to see how defending himself establishes that Plaintiff has "engaged in more demanding activities . . . ." (R. 29.)[2]

Finally, the ALJ discounted Plaintiff's subjective complaints because he was "charged with assault by his girlfriend in September 2011." (Id.) Again, all the Record reflects is that Plaintiff "was arrested for breaking and entering a vehicle for grand larceny. Also, charged with assault by his present girlfriend." (R. 725.) Nothing in the Record indicates whether Plaintiff was convicted of assault or the manner in which he was accused of assaulting his girlfriend. Thus, not only is there no indication of the actions Plaintiff is alleged to have undertaken, there is no evidence that he actually undertook any of the alleged actions. The ALJ's reliance on this information was inappropriate.

Although the Magistrate Judge recognized some errors in the ALJ's reasoning and approach to his decision, he ultimately concluded that the remainder of the Record was sufficient

---

[2] The Magistrate Judge has accurately reviewed the Record and pointed out other instances which support the ALJ's determination. (See, e.g., R&R pg. 28–29.) The ALJ, however, did not reference or indicate that he considered these other instances. As Judge Conrad ably put it:
> It is well settled that an Administrative Law Judge must explain the weight given to obviously probative evidence, and that the decision of the Law Judge cannot be deemed to be supported by substantial evidence when there is a failure to explain the basis for the decision. In such circumstances, the appropriate course is to remand the case to the Commissioner for a full and complete explanation of the reasons deemed to be in support of the critical finding.

Callaway v. Colvin, No. 7:13cv00287, 2014 WL 3661134, at *5 (W.D. Va. July 22, 2014) (internal citations omitted). While there may be evidence in the Record to support the ALJ's determination, it is the *ALJ's* responsibility to marshal and present it so that this Court may appropriately review it.

- 7 -

to affirm the ALJ's decision. After careful review of a close record, I cannot agree. In addition to the wrongful consideration given to Plaintiff's "past acts," the ALJ cherry-picked from Plaintiff's medical records to conclude that Plaintiff's treatment was "conservative" and did not comport with Plaintiff's allegation of debilitating pain. For example, the ALJ concluded that Plaintiff "was treated primarily with steroid injections and pain medications, which have been somewhat effective in controlling his pain. No additional surgeries have been recommended, and there is no evidence in the [R]ecord that the claimant required or received any follow-up treatment form a neurologist or orthopedist since he was last seen by Dr. Vascik in May 2007 . . . ." (R. 28.) While no additional surgeries were "recommended," the ALJ does not even discuss the fact that Plaintiff underwent an L4-5 diskectomy on March 9, 2007, which did not result in any improvement in his pain status. (See R. 973.) Nevertheless, Plaintiff continued with his prescribed treatment regimens.

Moreover, the ALJ wholly ignored Plaintiff's treatment history post-surgery. For the next two years, Plaintiff attempted various different pain management treatments, including varying medications and treatment modalities. The lack of surgical intervention—when surgery had already proven ineffective[3]—is not sufficient, in and of itself, to discount Plaintiff's subjective accounts of his pain. When coupled with the wrongful consideration given to the allegations of Plaintiff's "alleged activities," I cannot conclude that the ALJ gave proper consideration to all the relevant factors—especially considering the Magistrate Judge's conclusion that the ALJ engaged in a legally flawed analysis that got things "backwards." (R&R

---

[3] As Plaintiff's records indicate, the surgery actually *worsened* Plaintiff's pain status. (R. 974.)

- 8 -

pg. 22.) On remand, the ALJ is obliged to give due consideration to the entire medical history[4] and any extrinsic activities supported by competent evidence.

Because I concur with Plaintiff's primary objection, there is no cause at this stage to address Plaintiff's objection relating to the ALJ's hypothetical.

## IV. CONCLUSION

The Magistrate Judge correctly concluded that the ALJ impermissibly relied on legally flawed, boilerplate language at the outset of his determination regarding Plaintiff's credibility. The remainder of the ALJ's decision relied on allegations without evidentiary support and failed to address relevant evidence in the Record. As such, Plaintiff's objection is well-taken, and this matter will be remanded to the Commissioner for further proceedings.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

ENTERED this 7th day of June, 2016.

                                        s/Jackson L. Kiser
                                        SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Additionally, I agree with Plaintiff's questioning the ALJ's failure to even mention the conclusion of two state physicians that objective medical evidence supported Plaintiff's statements concerning his pain. (See R. 73, 85.) Although the question of a claimant's credibility ultimately rests with the ALJ, see Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), the ALJ is obliged to "consider findings of other opinions of State agency medical and psychological consultants . . . ," 20 C.F.R. § 404.1527(e)(2)(i) (2015).